## LEE COUNTY v. PHILLIPS COUNTY.

1. TAXES: *Must be appropriated to purpose for which collected. Mandamus.*

When taxes are levied and collected in United States currency for payment of a particular debt of the county to another county, the currency must be applied to the debt and cannot be withheld by tendering in payment the county warrants or bonds of the creditor-county, or a judgment recovered against it; and the treasurer of the debtor-county will be compelled by mandamus to pay the currency.

The county court of the debtor-county is not a proper party defendant to the petition for mandamus.

Lee County v. Phillips County.

APPEAL from *Lee* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.
*Hewitt*, for appellant.
*Trieber*, for appellee.

STATEMENT.

Phillips county filed in the circuit court of Lee county its petition against the county court and treasurer of Lee county, stating, in substance, that in pursuance of the act of the legislature creating Lee county and providing for the ascertainment of its share of the indebtedness of the counties out of which it was carved, the amounts due to the parent counties had been ascertained and adjusted according to the act, and that in the year 1883 there was levied and collected in Lee county, in United States currency, a tax of five mills on the dollar of the assessed value of the property of the county to pay its proportion of interest on the public debts of the parent counties ; and that of the amount collected the county court of Lee county apportioned the sum of $6,500 to Phillips county for payment of said interest, which had been paid by Phillips county in United States currency, but afterwards Lee county, through her treasurer, had refused to pay said sum in United States currency, but instead, had tendered in payment, first, county warrants of Phillips county, afterwards the bonds of the county, and afterwards a judgment recovered against the county in the United States circuit court for the Eastern district of Arkansas, and assigned by the owner to Lee county. All of these tenders were at their face value of $6,500, and were, all, refused. Prayer for mandamus to compel the county court and treasurer of Lee county to pay to petitioner the $6,500 in currency which had been collected for and apportioned to

petitioner and was then in the treasury of Lee county.  A demurrer to the petition was overruled and the defendant declining to plead, a peremptory mandamus was ordered as prayed, and the defendants appealed to this court.

OPINION.

COCKRILL, C. J.   It sufficiently appears from the petition in this case that Lee county raised, by a tax levied for that purpose, a fund for the part payment of its indebtedness to the counties from which the territory was carved out for the purpose of its creation; and that $6,500 of the fund so raised has been apportioned, by the Lee county court, to Phillips, as one of the parent counties, for its proportion of the debt due to it.  It is apparent that it was not within the power of the treasurer to divert this money from the purpose for which it was raised and subsequently apportioned by the court.  *Article 11, section 16, Constitution,* provides that " no moneys arising from a tax levied for one purpose shall be used for any other purpose."   If it is true, as appears from the petition, that the county court had apportioned to the several counties the amounts to be paid to them respectively out of the fund, this was a judicial appropriation of the several amounts to the counties named, and a sufficient compliance with the statute requiring an order of court authorizing the treasurer to pay out the money in his hands.   *Mansfield's Digest, sec. 1410.*   No additional order by the county court, as the judgment of the circuit court in this proceeding commands, was necessary, but Lee county is not prejudiced by this, and the judgment should not be reversed for that reason.

The amount held by the treasurer of Lee county is sufficient to pay only a small part of the debt due from Lee to Phillips, and the· question of the effect of a tender by

the former county to the latter of the bonds or other evidence of the latter's indebtedness to third parties in payment of the debt due by Lee to Phillips, is not legitimately presented by the record.

The facts set forth, being admitted by the demurrer, it is the plain legal duty of the treasurer of Lee county to pay to Phillips the money raised for its benefit and apportioned to its use by the Lee county court, and the judgment of the circuit court is affirmed.